Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Email: pnoah@ix.netcom.com
Attorney for Plaintiff,
Lota Viray

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTA VIRAY, | CASE NO. |
|        Plaintiff, |      COMPLAINT<br>29 USC §1132(a)(1)(B) |
| vs. | |
| UNUM LIFE INSURANCE<br>COMPANY OF AMERICA, | |
|       Defendant. | |

_____/

PLAINTIFF, LOTA VIRAY, ALLEGES AS FOLLOWS:

### JURISDICTION

1.  This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2.  Venue is proper under 29 USC §1132(g) in that the defendant, Unum Life Insurance Company Of America ("Unum"),

does business within the jurisdiction of the United States District Court, Northern District Of California.

3.  Plaintiff is a resident of Campbell, California.

4.  Plaintiff is informed and believes that Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (Unum) is licensed to sell insurance in the State of California with its principal place of business in the city of Portland, State of Maine, and at all times relevant to this action was authorized to transact and in fact transacting the business of insurance in the State of California.

## ALLEGATIONS CONCERNING RELIEF SOUGHT

5.  Dr. Viray worked at Mednax (Pediatrix Medical Group) for over twenty years as a clinical Neonatologist in an NICU (Neonatal Intensive Care Unit) in San Jose, California. Required duties for the job primarily involved solo in-hospital physician coverage (without immediate backup) of a level III neonatal intensive care unit and the delivery room emergency coverage of a high-risk obstetrical service. Essential requirements for these duties included the ability to perform emergency lifesaving procedures on sick and/or very premature babies, which are extremely small. A clinical Neonatologist is the only hospital physician specialist with the training and ability to perform specialized neonatal procedures. The procedures

Complaint

are of extreme time-urgency as any delay, even less than 30 seconds, could result in new or increased injury to a baby's brain, the loss sight or hearing, heart damage, or even death.  Procedures include neonatal intubation where a breathing tube is placed into the baby's airway to establish breathing; insertion of umbilical catheters into blood vessels down to less than 1 mm in diameter in order to give life-sustaining emergency medications and fluid, and chest tube insertions.  The need for procedures usually centers around emergency deliveries where the babies are born either extremely premature or in an advanced morbid state, requiring immediate resuscitation with the above-mentioned procedures.  Delays in adequate resuscitation are contrary to the accepted standard of care for clinical Neonatologists. The ability to perform these procedures without delay is the essential standard required for an NICU physician. A lack of physical limitations and restrictions, and having the physical endurance for up to 12-hour shifts, is essential and required physical qualification to work in the NICU and perform the essential duties of a clinical Neonatologist in the NICU.  The ability to perform these procedures without delay is essential.  On or about August 13, 2019, Dr. Viray became totally disabled as defined in the policy at issue (below) and unable to continue working

as a clinical Neonatologist in the NICU due to lumbar
degenerative disc disease, radiculopathy and numbness in the
legs, spondylosis, osteoporosis and parathyroid adenoma,
leading to severe back pain and radiating pain and
neuropathy, all of which caused weakness and severely
limited the ability to stand, bend, lift and walk for any
length of time.   These conditions did in fact render Dr.
Viray unable to perform, with reasonable continuity, in the
usual and customary way, the material and substantial duties
required of a clinical Neonatologist in a neonatology
intensive care unit.   Unum determined that while Dr. Viray
did meet the definition of disability for over one year, she
did not remain disabled as defined by the Plan after one
year. Unum determined that the evidence submitted in support
of her LTD claim did not establish that she continued to
meet the policy definitions of Total Disability after August
28, 2020.

    6.   When plaintiff was found disabled from her
employment at Mednax in San Jose, California, there was in
existence for all employees, including the plaintiff, a long
term disability insurance plan through Unum, and
administered by Unum.

    7.   The long-term disability insurance plan was to

Complaint

provide disability payments to any employee covered by the
plan, including plaintiff, who suffered a total disability,
as defined by the plan.

8.   Plaintiff's lumbar degenerative disc disease,
radiculopathy and numbness in the legs, spondylosis,
osteoporosis and parathyroid adenoma, leading to severe back
pain and radiating pain and neuropathy, all of which caused
weakness and severely limited the ability to stand, bend,
lift and walk for any length of time, led to a total
disability from her occupation as a clinical Neonatologist,
as determined by her medical doctors, and she applied for
benefits under the long term disability insurance plan
administered by defendant.

9.   Plaintiff's personal physician believed that
plaintiff was in fact disabled from returning to work as a
clinical Neonatologist.

10.   Plaintiff accordingly applied for benefits under
defendant's long term disability plan.  Long term disability
benefits were granted for a year, and then denied due to
defendant's opinion that the severe lumbar and leg pain and
limited mobility was no longer severe enough to prevent
plaintiff from returning to work full time as a clinical
Neonatologist.  Plaintiff appealed defendant's decision in

accord with the requirements of her policy.  The appeal was denied by defendant.  The administrative appeals have been exhausted.

11.  The relevant portions of the Unum's long term disability insurance policy read as follows:

**"HOW DOES UNUM DEFINE DISABILITY?**

*You are disabled when Unum determines that due to a sickness or injury:*

1. *During the first 12 months of disability, you are unable to perform the material and substantial duties of your regular occupation and after 12 months of disability, you are unable to perform the material and substantial duties of your regular occupation and you are not working in your regular occupation or any other occupation.*

12.  Defendant breached its obligation under the long term disability plan by denying plaintiff's disability payments when plaintiff met all of the above criteria, which set forth eligibility.  Defendant arbitrarily and unreasonably relied on retained consultants' opinions as opposed to plaintiff's own occupaitonal duties, statements and treating doctors' opinions.

13.  Plaintiff at all times herein mentioned has performed all the terms and conditions of the Unum's long term disability plan on her part to be performed.

14.  As a proximate result of defendant's failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect her rights under the plan, incurring

legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1.  For compensatory damages;

2.  For costs of suit herein;

3.  For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

4.  For prejudgment interest on all back benefits;

5.  For such other and further relief as the court may deem proper.

DATED: January 26, 2021

                Law Offices Of P. Randall Noah

                By: /s/ P. Randall Noah
                P. Randall Noah
                Attorney for Plaintiff, Lota Viray

Complaint